Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

JS-6

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50389<br>03 C 50390 | **DATE** | 9/14/2004 |
| **CASE TITLE** | ST. PAUL vs. HOME DEPOT<br>ST. PAUL vs. NATIONAL UNION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the bankruptcy court's grant of summary judgment is reversed and this matter is remanded. The motion to strike the supplement to the record submitted by St. Paul is denied. The court encourages the parties to take another look at possible settlement.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 9-15-04 | 29 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 9-15-04 | |
| /SEC | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

St. Paul Surplus Lines Ins. Co. ("St. Paul") filed an adversary proceedings, in the Krause, Inc. bankruptcy case, seeking a declaration of the rights and obligations of the parties under an insurance policy it had issued. Home Depot, U.S.A., Inc. ("Home Depot") and National Union Fire Ins. Co. ("National Union") each appeal (the appeals, 03 C 50389 & 03 C 50390, have been consolidated) from a grant of summary judgment in favor of the bankruptcy trustee by the bankruptcy court which ordered that the remaining indemnity proceeds from an insurance policy, covering the policy period February 1, 1998, through February 1, 1999, ("PY98") issued by St. Paul, which insured debtor, Krause, Inc., and under which Home Depot (by virtue of a vendor's endorsement to the policy) was an additional insured, be turned over to the trustee of debtor's Chapter 7 bankruptcy estate. Home Depot argues it bargained for inclusion as an additional insured under the policy and that the bankruptcy court erred in using Section 105 of the Bankruptcy Code, 11 U.S.C. § 105, to nullify its rights under the policy and ordering the proceeds to be turned over to the trustee as property of the estate. Home Depot also contends the bankruptcy court erred in declaring that St. Paul's tender of the remaining proceeds constitutes exhaustion of the policy relieving St. Paul of any obligation to defend Home Depot in actions brought against it that would fall within the coverage of the policy. National Union is Home Depot's excess insurer covering claims against it that exceed St. Paul's coverage.

Claims filed against the bankruptcy estate for injuries potentially covered by the PY98 policy are estimated to exceed the amount of remaining available policy proceeds. Home Depot is legally obligated, due to settlements entered, to pay claims occurring during the policy period in excess of the $1,487,025.13 remaining available policy proceeds. Home Depot and National Union, on Home Depot's behalf, have paid claims in excess of the remaining available proceeds. The claims against the estate include injury claims for which Home Depot may also be liable as well as injury claims that do not involve Home Depot at all.

Debtor manufactured ladders. Home Depot sold the ladders at retail. Numerous lawsuits arose against debtor, Home Depot, and other retailers due to the ladders. The PY98 policy and injury claims covered by that policy are at issue.

At the outset, appellants contend that the proceeding in the bankruptcy court was non-core and, therefore, that the bankruptcy court must submit proposed findings of fact and conclusions of law to this court. The parties do not appear to have complied with Fed. R. Bankr. P. 7008 (a) or 7012 (b) requiring a statement concerning whether the proceeding is core or non-core. However, the case was treated as a core proceeding by the bankruptcy court and all the parties. The memorandum opinion supporting the order appealed from includes a finding that the matter is a core proceeding. Appellants filed a notice of appeal pursuant to 28 U.S.C. § 158 (a). They did not tell the bankruptcy court they wanted proposed findings of fact and conclusions of law, see Fed. R. Bankr. P. 9033, rather than the entry of an order granting summary judgment. The court will not entertain a claim the matter is non-core at this stage of the proceeding. This appeal from the grant of summary judgment is reviewed de novo. See In re Chambers, 348 F.3d 650, 654 (7th Cir. 2003).

Appellants argue that Home Depot's rights to indemnity and defense under the PY98 policy, because they were not property of the bankruptcy estate, could not be ordered transferred to the estate. They maintain section 105 does not grant the bankruptcy court power to order such a transfer. Appellants rely on In re Forty-Eight Insulations, Inc., 133 B.R. 973 (Bankr. N.D. Ill.1991), aff'd,149 B.R. 860 (N.D. Ill. 1992) to support this argument. The bankruptcy court agreed with the reasoning in Forty-Eight Insulations (and expressly rejected the reasoning in MacArthur Co. v. Johns-Manville Corp., 837 F.2d 89 (2nd Cir. 1988)) finding that Home Depot had independent rights under the policy, that its rights were not property of the estate, that section 363 did not support interfering with Home Depot's rights under the policy, and that the previous rejection by the debtor of the vendor-buying agreement with Home Depot did not convert Home Depot's interests under the policy into a pre-petition claim. Nevertheless, the bankruptcy court invoked the equitable powers of section 105 to order all policy proceeds transferred to the estate and finding the turnover of the proceeds constituted exhaustion of the policy freeing St. Paul from any further obligation, including the duty to defend, under the policy. The bankruptcy court found that its prior actions in the case in enjoining certain PY98 claimants from settling with Home Depot and refusing to grant relief from the automatic stay as to certain claimants may have induced PY98 claimants to act or fail to act to their detriment.

The bankruptcy court's equitable powers allow the bankruptcy court to enter "any order, process, or judgment that is necessary or appropriate to carry out provisions" of the Bankruptcy Code. 11 U.S.C. § 105. This does not mean it has "free-floating discretion" to create rights outside the Code but it may "exercise its equitable powers in a manner consistent with the Code." In re Lloyd, 37 F.3d 271, 275 (7th Cir. 1994). The debtor's contractual interest in the insurance policy is property of the estate, while Home Depot's is not. See In re Forty-Eight Insulations, Inc., 149 B.R. 860, 863 (N.D. Ill. 1992) (Marovich, J.). They are co-insureds with separate contractual claims against St. Paul for defense and payment of judgments or settlements until the policy limits are exhausted. Absent the bankruptcy, the various cases would have proceeded to trial or settlement, some against Home Depot, some against the debtor, but all being defended or settled by St. Paul, until the policy proceeds were gone. Here, the bankruptcy court ordered the proceeds to be delivered to the trustee with the determination of claims against those proceeds being determined by the bankruptcy claims process. This exceeded the bankruptcy court's power under section 105 by negating Home Depot's contractual rights under the insurance policy. Section 105 does not provide authority to order a third party's contract rights with another third party to be transferred to the estate for the benefit of debtor's creditors. To the extent MacArthur Co.v. Johns-Manville Corp., 837 F.2d 89 (2nd Cir. 1988) holds otherwise, the court respectfully disagrees.

However, the bankruptcy court can, and must, determine what property is property of the estate. Because the bankruptcy court used a section 105 equitable determination to bring all of the policy proceeds into the estate, no determination was made what debtor's rights (the rights that would be property of the estate under section 541) to the policy proceeds were. On remand, the bankruptcy court needs to decide the extent to which the policy rights claimed by the debtor's estate are, in fact, property of the estate. See In re Carousel Int'l Corp., 89 F.3d 359, 361 (7th Cir. 1996).

For the foregoing reasons, the bankruptcy court's grant of summary judgment is reversed and this matter is remanded. The motion to strike the supplement to the record submitted by St. Paul is denied. The court encourages the parties to take another look at possible settlement.